**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000391
20-AUG-2024
09:39 AM
Dkt. 204 ORD**

NO. CAAP-19-0000391
(Consolidated with No. CAAP-20-0000442)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MICHAEL C. GREENSPON,
Plaintiff/Counterclaim Defendant-Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE; CIT BANK NA F/K/A ONEWEST BANK, F.S.B.;
ALDRIDGE PITE LLP F/K/A PITE DUNCAN LLP,
Defendants-Appellees, and DOES 1-100, Defendants,
and
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A8 MORTGAGE
PASS-THROUGH CERTIFICATES SERIES 2006-H,
Counterclaimant/Third-Party Plaintiff-Appellee, and
DOES 1-20, Counterclaim Defendants,
and
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC
BANK, F.S.B.; and DEPARTMENT OF PUBLIC WORKS, COUNTY OF MAUI,
Third-Party Defendants-Appellees, and JOHN DOES 1-5;
JANE DOES 1-5; DOE CORPORATIONS 1-5; DOE PARTNERSHIPS 1-5;
DOE ASSOCIATIONS 1-5; DOE GOVERNMENTAL UNITS 1-5; and
DOE ENTITIES 1-5, Third-Party Defendants,


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC171000090)

ORDER GRANTING WITHDRAWAL OF COUNSEL
(By: Guidry, J.)

Upon consideration of the Notice of Disaffiliation, filed August 15, 2024, by Defendant-Appellee Aldridge Pite, LLP F/K/A Pite Duncan, LLP (**AP**), which the court construes as a motion to withdraw as counsel, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 50(a), it appears that:

(1) AP is represented in this appeal by attorneys with the AP law firm;

(2) Attorney David B. Rosen (**Rosen**) is no longer associated with AP;

(3) Attorney Christina C. MacLeod (**MacLeod**) will remain as counsel for AP, and requests that this court "remove [Rosen] from this case, so that electronic service notifications shall no longer be made to [Rosen] in this matter.";

(4) HRAP Rule 50(a) provides, with respect to withdrawal, that an attorney moving to withdraw as counsel of record "must show that notice of the motion was given by service upon the attorney's client." HRAP Rule 50(a); and

(5) The Notice of Disaffiliation does not specify whether the client was informed of the disaffiliation of counsel. Nonetheless, the court will allow Rosen to withdraw, but require MacLeod to demonstrate service of the Notice of Disaffiliation upon the client.

Therefore, IT IS HEREBY ORDERED that the Notice of Disaffiliation, construed as a motion to withdraw as counsel, is granted. Within ten days from the date of this order, MacLeod shall file a declaration, affidavit, or certificate of service indicating the Notice of Disaffiliation was provided to the client, or that the client was otherwise informed of Rosen's disaffiliation.

IT IS FURTHER ORDERED that the appellate clerk shall end Rosen as a party to this appeal in the Judiciary Information Management System.

DATED:  Honolulu, Hawaiʻi, August 20, 2024.

/s/ Kimberly T. Guidry
Associate Judge